UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CARL T. JONES,                                )
                                              )
         Petitioner,                          )
                                              )
v.                                            )    No. 3:09-0301
                                              )    Judge Trauger
TONY PARKER, WARDEN,                          )
                                              )
         Respondent.                          )

## MEMORANDUM

## I. INTRODUCTION AND BACKGROUND

The petitioner, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. He brings this action under 28 U.S.C. § 2254, naming Tony Parker, Warden at NWCX, as the respondent.

The petition and attached documents provide scant information pertaining to the petitioner's criminal conviction, or the procedural history of his case in state court. (Docket Entry No. 1) Most of the relevant information is found in a copy of a February 5, 2009 order that the petitioner attached to his petition.[1] That information is as follows: 1) the petitioner pled guilty on September 23, 2005 to robbery, and was sentenced to six years; 2) the petitioner filed the action in which Judge Dozier ruled beyond the one-year statute of limitations under the Tennessee Post-Conviction Procedure Act (the Act); and 3) the petitioner did not present any grounds for relief in that action that would have entitled him to an exception to the Act's one-year rule. (Docket Entry No. 1, Attach. Order) The only other information pertinent to the instant action is that the petitioner concedes his petition is untimely. (Docket Entry No. 1, p. 2)

---

[1] The order was entered by Judge Steve Dozier, Criminal Court Judge for the 20th Judicial District, Division I in Nashville

On March 20, 2009, the court directed the respondent to "file an answer, plead or otherwise respond to the petition . . . ." (Docket Entry No. 5) The respondent filed a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. on May 28, 2009. (Docket Entry No. 19)

The petitioner has not replied to the motion to dismiss, and the 10-day time frame for him to do so under the local rules of court has passed. LR7.01(b), Local Rules of Court. Accordingly, the petitioner is deemed not to oppose the motion.

## II. ANALYSIS

In dismissing a complaint pursuant to Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." *Beztak Land Co. v. City of Detroit*, 298 F.3d 559, 565 (6th Cir. 2002)(quoting *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)). "'A motion to dismiss under Rule 12(b)(6) should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (citing *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001)). Review under Rule 12(b)(6) is limited to the petition and the documents attached thereto. *See Tellabs, Inc. v. Makor Issues & rights*, Ltd., 551 U.S. 308, 322-23 (2007); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### A. Timeliness

The respondent argues first that the petition is untimely. (Docket Entry No. 20, pp. 3-6) Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the judgment became final by the conclusion of direct review . . . ." 28 U.S.C. §§ 2244(d)(1)(A); 2254 6(1).

The court cannot determine from the petition and attached documents whether the petitioner

2

appealed his conviction, or not. The court may, however, take judicial notice that the petitioner did not seek post-conviction relief within the statute of limitations set forth by Tenn. Code Ann. § 40-30-102(a), as determined by Judge Dozier in his order.[2] *See Scotty's Contracting and Stone, Inc. v. United States of America*, 326 F.3d 785, 789 n. 1 (6th Cir. 2003)(citing *Lyons v. Stovall*, 188 F.3d 327, 332 n. 2 (6th Cir. 1999)(both cases standing for the proposition that the district court may take judicial notice of documents submitted as part of proceedings in a different case in a court of record). Under § 40-30-102(a), a petitioner must file a post-conviction petition within one year of the date that a criminal case becomes final on direct review or, if no appeal is taken, within one year of the date that the judgment became final. The Act's one-year statute of limitations is identical to the AEDPA's one-year limitations period, as is the date on which both begin to run. Therefore, it may be inferred that, inasmuch as the petitioner filed his post-conviction petition beyond the Act's one-year statute of limitations period, he also filed this *habeas* action beyond the AEDPA's one-year limitations, a fact that the petitioner concedes. (Docket Entry No. 1, p. 2)

The law is well established that the one-year limitations period expressed in § 2244(d)(1) does not operate as a jurisdictional bar to *habeas corpus* petitions and can be equitably tolled, under exceptional circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1004, 1004 n. 1, 1005 (6th Cir. 2001). However, "[t]he petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)(citing *Dunlap*, 250 F.3d at 1001).

In *Dunlap*, the Sixth Circuit held that equitable tolling was applicable to *habeas corpus* petitions under the AEDPA. The Sixth Circuit held, however, that equitable tolling was appropriate

---

[2] "[I]t is not the province of the federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); s*ee also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 221 (1982). Therefore, the court is bound by Judge Dozier's determination that the petitioner sought post-conviction relief after the Act's one-year statute of limitations had run.

3

only after the court has "properly considered and balanced the factors set out in *Andrews v. Orr* unless there is congressional authority to the contrary." *Dunlap,* 250 F.3d at 1009. The factors to be considered under *Andrews v. Orr* are: 1) lack of actual notice of filing requirement; 2) lack of constructive knowledge of filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) reasonableness in remaining ignorant of the notice requirement. *Id.* at 1008; *see Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

The five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). As to the fourth factor, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine. . . ." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). Finally, equitable tolling for *habeas corpus* petitions should be "applied sparingly." *Dunlap*, 250 F.3d at 1008.

Although the petitioner seeks a waiver of the AEDPA's one-year limitations period, he does so based solely on unspecified new facts in his criminal case. (Docket Entry 1, p. 2) The petitioner does not argue, nor can it be liberally construed from the petition and attached documents, that the AEDPA's one-year limitations period should be tolled for equitable reasons. Accordingly, the court finds that it should not.

For the reasons explained above, the respondent's "timeliness" argument constitutes proper grounds on which to grant relief under Rule 12(b)(6).[3]

---

[3] Although the respondent's "timeliness" argument is dispositive, the court will address his remaining arguments for the sake of completeness.

4

## B. Respondent's Argument on the Merits

The respondent argues next that the petitioner "may not raise claims of constitutional violations that occurred before he pleaded guilty." (Docket Entry No. 20, pp. 5-6) Rather, he may only challenge whether his guilty plea was made voluntarily and intelligently.

The respondent cites *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) as authority for his argument. The United States Supreme Court wrote the following in *Tollett*:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

(Docket Entry No. 20, p. 6)

A plain reading of the petition and attached documents reveals that the constitutional deprivations alleged occurred prior to the petitioner's pleading guilty. (Docket Entry No. 1, pp. 1-2) Under *Tollett*, therefore, the petitioner is not entitled to relief on the claims that he has raised in the instant action, if he solemnly admitted in open court that he was, in fact, guilty of the offenses charged.

As previously established, the court is limited in its consideration/analysis under Rule 12(b)(6) to the petition and attached documents. A copy of the transcript of the plea hearing is not included as part of the pleadings. Therefore, the court is unable to assess whether the circumstances of the petitioner's guilty plea in open court satisfy *Tollett's* "solemnly admitted" standard.

For the reasons explained above, the respondent's second argument exceeds the scope of Rule 12(b)(6).

## C. Procedural Default

Finally, the respondent argues that the petitioner "waived his right to direct appeal, and did

5

not timely file a petition for post-conviction relief." (Docket Entry No. 20, p. 6) According to the respondent, the petitioner's "claims are procedurally barred . . . ." (Docket Entry No. 20, p. 8)

As noted throughout, a Rule 12(b)(6) motion to dismiss limits consideration/analysis to the petition and attached documents. There is nothing in the petition or attached documents that establishes whether – or not – the petitioner pursued a direct appeal, much less that he did not exhaust the claims that are pending before this court.

The court is aware that, except for certified questions of law, a criminal defendant who pleads guilty generally waives his right to appeal. The court is equally aware, however, that criminal defendants who waive their right to appeal when they plead guilty often attempt to do so anyway. Appellate courts consider such appeals, if only in the context of waiver. Sometimes the appellate courts consider such appeals on the merits. Therefore, the general rule that a criminal defendant waives his right to appeal pursuant to a binding plea agreement does not mean for the purposes of Rule 12(b)(6) that no appeal was taken, or that the petitioner failed to exhaust his claims.

For the reasons explained above, the respondent's "procedural default" argument exceeds the scope of Rule 12(b)(6).[4]

### III. CONCLUSION

For the reasons explained herein, the respondent's motion to dismiss will be granted, the petition denied, and this action dismissed as time barred.

Where, as here, the district court denies *habeas corpus* on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a certificate of appealability (COA) will issue only under the following conditions: 1) "that jurists of reason would find it

---

[4] The respondent did not include any additional documentation that would support his second and third arguments. Therefore, the court was unable to address either argument under the summary judgment standard.

6

debatable whether the motion states a valid claim of the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that jurists of reason would not debate whether the court was correct in its procedural ruling with respect to the timeliness of this action. Accordingly, a COA will not issue.

An appropriate order will be entered.

                                      Aleta A. Trauger
                                      United States District Judge